UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                              :

S.J.,                                     :
                                              :

                   Plaintiff,      :             **REPORT AND**
                                        :             **RECOMMENDATION**

              -against-       :             19-CV-6071 (DG)(PK)
                                        :

CHOICE HOTELS INTERNATIONAL, INC., :
WYNDHAM HOTELS & RESORTS, INC.,  :
JAV, INC., HOWARD JOHNSON       :
INTERNATIONAL, INC., and SHANTA    :
HOSPITALITY LLC,                :
                                        :

               Defendants.     :
                                        :
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

        S.J. ("Plaintiff"), brought this action against Choice Hotels International, Inc. ("Choice Hotels"), Wyndham Hotels & Resorts, Inc. and Howard Johnson International, Inc. (together, the "Wyndham Defendants") (collectively, the "Franchisor Defendants"), JAV, Inc. ("JAV"), and Shanta Hospitality LLC ("Shanta") (collectively, the "Franchisee Defendants," and, together with the Franchisor Defendants, "Defendants") seeking to recover damages from Defendants for allegedly facilitating and financially benefitting from the sex trafficking of Plaintiff. Before the undersigned on referral from the Honorable Diane Gujarati is Plaintiff's motion for leave to file a third amended complaint pursuant to Fed. R. Civ. P. 15(a) (the "Motion"). (Dkt. 87.) For the reasons stated below, the undersigned recommends that the Motion be GRANTED.

## BACKGROUND

        Plaintiff filed the initial Complaint on October 29, 2019, alleging violations of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1595 (the "TVPRA"), New York Social Services Law § 483-bb, and negligence under New York law. (Dkt. 1.)

Plaintiff filed a First Amended Complaint on November 15, 2019, and Second Amended Complaint on March 13, 2020. (Dkts. 9, 34.) Plaintiff filed the former mainly to correct the names of certain Defendants and the latter mainly to add the Franchisee Defendants. (*See, e.g.*, Feb. 20, 2020 Min. Entry & Order; *compare* Dkt. 9, *with* Dkt. 1; *compare* Dkt. 34, *with* Dkt. 9.)

The Franchisor Defendants moved to dismiss the Second Amended Complaint, and on July 20, 2020, the Honorable Brian M. Cogan dismissed all claims against them, except that for negligence. (Memorandum Decision and Order ("Dismissal Order"), Dkt. 66.) On December 4, 2020, the case was reassigned to the Honorable Diane Gujarati. The undersigned entered a Scheduling Order setting October 1, 2021, as the deadline to file any motion for leave to amend the complaint. (Dkt. 84.)

Plaintiff filed the Motion on July 27, 2021. (Dkt. 87.) Plaintiff seeks to amend the Second Cause of Action (which alleges a violation of the New York Social Services Law) and the Third Cause of Action (which alleges negligence), by adding two paragraphs which invoke the timing provision of the New York Child Victims Act, N.Y. C.P.L.R. § 214-g. (*See* Plaintiff's proposed Third Amended Complaint, Dkt. 88-1 ("PTAC"), ¶¶ 131-32, 144-45.) The proposed new paragraphs state:

> Plaintiff's action is also timely under N.Y.C.P.L.R. § 214-g, which provides that "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary . . . every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age, . . . which conduct was committed against a child less than eighteen years of age, which is barred as of the effective date of this section because the applicable period of limitation has expired . . . is hereby revived."

> Defendants' actions and/or omissions permitted and allowed sexual offenses to occur to the then minor plaintiff as defined in New York Penal Law Article 130 including but not limited to Sections 130.00, 130.05, 130.20, 130.40, 130.45, 130.50, 130.52. 130.55, 130.60, 130.65,130.75 130.80 and defendants otherwise allowed and permitted violations of the penal law.

(*Id.*)

Defendants all filed oppositions on August 11, 2021. (Dkts. 90 ("Wyndham Opp."), 91 ("JAV

Opp."), 92 ("Shanta Opp."), 93 ("Choice Opp.").)

On January 24, 2022, the parties appeared before the undersigned for oral argument on the Motion. (*See* Transcript, "Tr.," Dkt. 100.) Plaintiff clarified that she was not seeking to revive any claim that was previously dismissed against the Franchisor Defendants. (*See* Tr. at 4:4-13.) Plaintiff also agreed that the basis for dismissing her New York Social Services Law claim against the Franchisor Defendants set forth in the Dismissal Order applied with equal force to any such claim against the Franchisee Defendants. (*See* Tr. 5:10-6-11.) Accordingly, Plaintiff withdrew her New York Social Services Law claim (the Second Cause of Action) against the Franchisee Defendants. (*See* Tr. 5:10-6:11, 16:22-25.) Plaintiff further agreed that her TVPRA claim in the First Cause of Action was against the Franchisee Defendants only, and that any amended complaint would make this clear. (*See* Tr. 5:3-6:11, 16:3-25.)

Thus, what remains is Plaintiff's proposed amendment to add the two paragraphs to the negligence claim in the Third Cause of Action against all Defendants, along with Defendants' objections to that amendment.

## DISCUSSION

### I.     Legal Standard for Motion to Amend Complaint

Requests to amend the complaint are generally governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that once the period to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 states that "the court should freely give leave when justice so requires." *Id.*; *see, e.g.*, *Pinyuk v. CBE Grp., Inc.*, No. 17-cv-5753 (RRM)(CLP), 2019 WL 1900985, at *2 (E.D.N.Y. Apr. 29, 2019) ("Rule 15 expresses a strong presumption in favor of allowing amendment"). Leave to amend may be denied only "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Pinyuk*, 2019 WL 1900985, at *2 (quoting *McCarthy v. Dun &*

3

*Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).  The opposing party bears the burden of showing good reason to deny amendment.  *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  The determination of whether to grant or deny leave to amend "is within the sound discretion of the district court."  *McCarthy*, 482 F.3d at 200.

A motion to amend may be denied if the proposed amendment is futile.  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000).  A complaint is not futile when it is "sufficient to withstand a motion to dismiss under Rule 12(b)(6)."  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").  The Court must accept all allegations in the proposed amended complaint as true and draw all inferences in Plaintiff's favor to determine whether it states a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.    Futility of Plaintiff's Proposed Amendment

Plaintiff seeks to add language which she contends makes clear that she is invoking the provision of the New York Child Victims Act that permits revival of time-barred claims, N.Y. C.P.L.R. § 214-g.

Defendants argue that the proposed amendment is futile because the Court should decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's negligence claim. Specifically, alongside the New York Child Victims Act, procedures were established providing for the assignment of all actions revived by § 214-g to dedicated parts of the New York Supreme Court, and for certain decision-makers to receive administratively approved training on matters pertaining to sexual assault and the sexual abuse of minors.  (*See* JAV Opp. at 4-7; Shanta Opp. at 2-3; Choice Opp. at 5-7.)

4

Accordingly, JAV asks the Court to "use its discretion, as provided by 28 U.S.C. § 1367(c)(1), to decline to [permit] amendment …." (JAV Opp. at 6-7.) Although Shanta does not mention supplemental jurisdiction, it does argue that Plaintiff's negligence claim "should have been remanded" and is "not proper for the United State[s] District Court." (Shanta Opp. at 3.) Finally, Choice Hotels argues that "[n]eedless decisions of state law should be avoided by federal courts to promote justice between the parties." (Choice Opp. at 7.)

The undersigned construes these as arguments that the Court should decline to exercise supplemental jurisdiction over Plaintiff's negligence claim. However, the motion before the Court is one to amend the complaint, not to remand to state court. The state law claim was already pled in the complaint; it is not being added as part of the requested amendment. Therefore, the question of *whether* to exercise supplemental jurisdiction is not properly before the Court when deciding whether to permit amendment of the complaint that does not add a state law claim.

In assessing whether a proposed amendment is futile, the standard is whether Plaintiff's proposed pleading fails to state a claim under Fed. R. Civ. P. 12(b)(6). Here, Plaintiff's proposed amended complaint would survive a motion to dismiss. Plaintiff's negligence claim has already withstood the Franchisor Defendants' motion to dismiss, without the proposed amendment. (*See* Dismissal Order at 13-15.) It would likewise survive with the proposed amendment, which does no more than add the allegation that N.Y. C.P.L.R. § 214-g permits the revival of Plaintiff's claim.

The Wyndham Defendants also argue that Plaintiff's proposed amendment is futile because it is "unnecessary." (Wyndham Opp. at 5.) Specifically, they argue that not all Defendants assert in their answers that the statute of limitations is an affirmative defense. (*See* Wyndham Opp. at 5-6.) The Wyndham Defendants stated that, even without the addition of the language in the proposed amendment, they would not seek to prevent Plaintiff from raising the applicability of § 214-g. (*See* Tr. 9:2-8.)

JAV, however, claimed that the proposed amendments would be necessary, stating, "there has to be an amendment because there are specific pleading requirements for the Child Victims Act which have to be met. And so you can't, in our view, assert a Child Victims Act claim without properly pleading it in a complaint." (Tr. at 9:19-23.) JAV did not cite any authority in support of this contention.

The assertion of a statute of limitations defense by any defendant is sufficient for Plaintiff to address it. As Plaintiff's counsel stated at oral argument, "there are affirmative defenses as to statute of limitations and, therefore, I thought it prudent to move to amend to include the Child Victims Act … in order to rebut any future suggestion … that the claims that haven't been dismissed are time barred." (Tr. at 4:7-13.) Moreover, "it is elementary that the primary function of a pleading is to apprise an adverse party of the pleader's claim and to prevent surprise. Absent such notice, a defendant is prejudiced by its inability to prepare a defense to plaintiff's allegations." *Cole v. Mandell Food Stores, Inc.*, 710 N.E.2d 244, 246 (N.Y. 1999) (citations omitted). Plaintiff's express invocation of § 214-g, while not necessary, serves the additional function of placing Defendants on unmistakable notice that Plaintiff is relying on the revival provision in advancing her negligence claim.

Courts have deemed proposed amendments "unnecessary" and therefore futile where the amendments add allegations that "just clutter and confound … a well-pled pleading" or "nudge[ ] [it] into the realm of becoming unabridged." *Wandering Dago Inc. v. New York State Office of Gen. Servs.*, Civ. No. 1:13-CV-1053 (MAD/RFT), 2014 WL 12797920, at *13 (N.D.N.Y. July 28, 2014); *see also Thorpe v. Duve*, No. 7:15-cv-00736 (GLS/TWD), 2020 WL 372676, at *3 (N.D.N.Y. Jan. 23, 2020) (denying as futile amendment to add "25 pages of so-called factual allegations, more than doubling the length of the original complaint"). The two paragraphs sought to be added here are succinct and cause no clutter.

Accordingly, the undersigned finds that Plaintiff's proposed amendment is not futile.

### III.    Plaintiff's Undue Delay

Choice Hotels and Shanta claim that Plaintiff would have known or been aware of N.Y. C.P.L.R. § 214-g at the time she filed her Second Amended Complaint in March 2020 and, therefore, should have added the proposed amendment then and has unduly delayed in seeking to do so now. (Choice Opp. at 5; Shanta Opp. at 3.)

"Mere delay …, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).  Here, Defendants do not allege that Plaintiff acted in bad faith in delaying or that Defendants suffered any undue prejudice as a result of Plaintiff's delay.  They do not specify what prejudice they suffered beyond the delay itself.  (*See, e.g.*, Tr. 15:13-17 ("So … the prejudice that … would ensue would be that this claim is obviously, you know, been ongoing for quite some time …."))

This is not sufficient to justify denying Plaintiff leave to amend.

### Conclusion

The undersigned respectfully recommends that the Motion be GRANTED, and that Plaintiff be directed to file a third amended complaint consistent with this Report and Recommendation.

 Any written objections to this Report and Recommendation must be filed within 14 days of service of this report.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    February 23, 2022
              Brooklyn, New York