UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

S.J., an individual;

               Plaintiff,                          CASE NO. 1:19-cv-06071

    -against-

CHOICE HOTELS INTERNATIONAL, INC.,
WYNDHAM HOTELS & RESORTS, INC., JAV,
INC., HOWARD JOHNSON INTERNATIONAL,
INC., and SHANTA HOSPITALITY LLC;

               Defendants.

-------------------------------------------------------------X

### CHOICE HOTELS INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Choice Hotels International, Inc. ("Choice"), files this Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint and would respectfully show the Court as follows:

### INTRODUCTION

1.     The allegations in this Paragraph are not directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

2.     The allegations in this Paragraph are not solely directed to Choice, and no response is required as to those allegations not directed to Choice. To the extent the allegations are directed to Choice and a response is required, Choice denies the allegations in this Paragraph as to Choice.

3.     The allegations in this Paragraph are not directed to Choice, and no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

4.    The allegations in this Paragraph are not directed to Choice, and no response is required.  Further, the allegations constitute legal conclusions, and no response is required.  To the extent a response is required, Choice admits that Plaintiff purports to bring certain claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which speaks for itself. Choice denies the remaining allegations in this Paragraph, if any.

5.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

6.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

7.    The allegations in this Paragraph are not solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Further, the allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

8.    The allegations in this Paragraph are not solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Further, the allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

9.    The allegations in this Paragraph are not solely directed to Choice, and no response is required as to those allegations not directed to Choice.  To the extent the allegations are directed to Choice and require a response, the allegations in this Paragraph contain argument and legal conclusions, and no response is required.  Further, the statute cited speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

2

## PARTIES

10.     The allegations in this Paragraph are not directed to Choice, and no response is required.  Further, the allegations in this Paragraph further contain argument and legal conclusions, and no response is required.  Additionally, the statutes cited speak for themselves.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

11.     Choice denies the allegations of this Paragraph, except to admit that it is a Delaware corporation with its principal place of business located at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

12.     Choice admits that Econo Lodge® is a Choice brand.  Choice denies any additional or contrary allegations in this Paragraph.

13.     Choice denies the allegations in this Paragraph.

14.     Choice denies the allegations in this Paragraph.

15.     The allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph except that Choice admits that it considers guest safety and security to be of the utmost importance.

16.     The allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

17.     Choice admits that franchisees agree to pay certain fees as part of the franchise relationship.  Choice denies the remaining allegations in this Paragraph, if any.

18.     The allegations in this Paragraph are not directed to Choice, and no response is required.  T To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

3

19.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

20.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

21.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

22.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

23.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

24.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

25.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

26.    The allegations in this Paragraph are not directed to Choice,  and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

27.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

28.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

29.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

30.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

31.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

32.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

33.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

34.    The allegations in this Paragraph are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

35. The allegations in this Paragraph are not directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

36. The allegations in this Paragraph are not directed to Choice, and no response is required. To the extent a response is required,, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

37. The allegations in this Paragraph are not directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

38. The allegations in this Paragraph are not directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

39. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Further, the allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

### JURISDICTION AND VENUE

40. The allegations in this Paragraph are not directed to Choice, and no response is required. Further, the allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

41. The allegations in this Paragraph are not directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies that

venue is proper in this judicial district and denies liability for or involvement with any conduct with Plaintiff in this District.

## SEX TRAFFICKING UNDER FEDERAL LAW

42.    The allegations in this Paragraph are not directed to Choice, and no response is required.  Further, Plaintiff's TVPRA claim as to Choice has been dismissed.  To the extent a response is required, Choice states that the statute cited speaks for itself.  Choice denies all other allegations in this Paragraph, if any.

43.    The allegations in this Paragraph are not directed to Choice, and no response is required.  Further, Plaintiff's TVPRA claim as to Choice has been dismissed.  To the extent a response is required, the statute cited speaks for itself.  Choice denies all other allegations in this Paragraph, if any.

44.    The allegations in this Paragraph are not directed to Choice, and no response is required.  Further, Plaintiff's TVPRA claim as to Choice has been dismissed.  To the extent a response is required, Choice states that the statute cited speaks for itself.  Choice denies all other allegations in this Paragraph, if any.

45.    The allegations in this Paragraph are not directed to Choice, and no response is required.  Further, Plaintiff's TVPRA claim as to Choice has been dismissed.  To the extent a response is required, Choice states that the statute cited speaks for itself.  Choice denies all other allegations in this Paragraph, if any.

## FACTUAL ALLEGATIONS

46.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

47.    The allegations in this Paragraph constitute argument and are not directed to Choice,

and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

48.     The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

49.     The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

50.     The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

51.     The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

52.     The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

53.     The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

54.     The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

55.     The allegations in this Paragraph constitute argument and are not directed to Choice,

8

and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

56.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

57.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

58.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  Further, this Paragraph appears to reference a specific document which speaks for itself and to which no response is required.  Choice admits that it has supported the anti-trafficking group Polaris and admits that it is a member of the ECPAT-USA (End Child Prostitution, Pornography and Trafficking of Children for Sexual Purposes) Tourism Child-Protection Code of Conduct (The Code).  Choice denies the remaining allegations in this Paragraph, if any.

59.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

60.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

61.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

62.    The allegations in this Paragraph constitute argument and are not directed to Choice,

and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

63.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

64.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

65.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

66.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

67.    The allegations in this Paragraph constitute argument and are not directed to Choice, and no response is required.  Further, this Paragraph appears to reference a specific document which speaks for itself, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

68.    The allegations in this Paragraph and its subparts constitute argument and do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  To the extent a response is required, Choice denies the allegations in this Paragraph and its subparts.

69.    The allegations in this Paragraph constitute argument and do not appear to be directed solely to Choice, and no response is required as to those allegations not directed to Choice.  To the

extent a response is required, Choice denies the allegations in this Paragraph.

70.    The allegations in this Paragraph constitute argument and do not appear to be directed solely to Choice, and no response is required as to those allegations not directed to Choice.  To the extent a response is required, Choice denies the allegations in this Paragraph.

71.    The allegations in this Paragraph constitute argument and do not appear to be directed solely to Choice, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

72.    The allegations in this Paragraph constitute argument and do not appear to be directed solely to Choice, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

73.    The allegations in this Paragraph and its subparts are not directed to Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph and its subparts are denied.

74.    a.    Choice denies the allegations in this subpart.

b.    The allegations in this subpart constitute argument and legal conclusions and do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph. Accordingly, the allegations in this Paragraph are denied.

c.    The allegations in this subpart constitute argument and legal conclusions and no response is required.  To the extent the allegations are directed to Choice and a response is required, the allegations are denied.

d.    The allegations in this subpart constitute argument and legal conclusions, and no response is required.  To the extent the allegations are directed to Choice and a response is

11

required, the allegations are denied.

75. The allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, the allegations are denied.

76. The allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, the allegations are denied.

77. The allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, the allegations are denied.

78. The allegations in this Paragraph and its subparts constitute argument and legal conclusions, and no response is required. To the extent a response is required, the allegations are denied.

79. The allegations in this Paragraph and its subparts constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

80. The allegations in this Paragraph are not directed solely to Choice, and no response is required as to those allegations not directed to Choice. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

81. The allegations in this Paragraph are not directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

82. The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

83. The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny

the allegations.  Accordingly, the allegations are denied.

84.    The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

85.    The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

85.    The allegations in this Paragraph are not directed to Choice and no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

86.    The allegations in this Paragraph are not directed to Choice and no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

87.    The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

88.    The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

89.    The allegations in this Paragraph constitute argument and legal conclusions and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

90.    The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny

the allegations.  Accordingly, the allegations are denied.

91.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

92.     The allegations in this Paragraph constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

93.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

94.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

95.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

96.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

97.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations are denied.

98.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny

the allegations.  Accordingly, the allegations are denied.

99.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

100.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

101.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

102.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

103.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

104.    The allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

105.    The allegations in this Paragraph are not directed to Choice and the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

106.    The allegations in this Paragraph are not directed to Choice and the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is

15

required, Choice denies the allegations in this Paragraph as to Choice.

107.    The allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

108.    The allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

109.    The allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

110.    The allegations in this Paragraph are not directed to Choice and the allegations constitute argument, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

111.    The allegations in this Paragraph are not directed to Choice and the allegations constitute argument, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

112.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

113.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

114.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this

Paragraph as to Choice.

115.    The allegations in this Paragraph and its subparts contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph and its subparts as to Choice.

116.    The allegations in this Paragraph and subparts contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

**FIRST CAUSE OF ACTION**

**Violation of 18 U.S.C. §1595 ("TVPRA")**

132.[1] Plaintiff's TVPRA claim was dismissed by Order of the Court as to Choice on July 20, 2020, and therefore, the allegations in Paragraphs 117-124 are not directed to Choice and no response is required.  To the extent a response is required, Choice denies the allegations in these Paragraphs as to Choice.

**SECOND CAUSE OF ACTION**

**Negligence**

132.    Choice incorporates its responses to Plaintiff's allegations in the preceding Paragraphs as if fully set forth herein.

133.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

134.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this

---

[1] Plaintiff's Third Amended Complaint does not contain Paragraphs 125-131.

Paragraph as to Choice.

135.     The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

136.     The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

137.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

138.     The allegations in this Paragraph are not directed to Choice and no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations are denied.

139.     The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

140.     The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

141. The allegations in this Paragraph and its subparts contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

142.     The allegations in this Paragraph are not directed to Choice, and no response is required.  Further, the statute cited in this Paragraph speaks for itself.  To the extent a response is

required, Choice denies the allegations in this Paragraph as to Choice.

143.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. Further, the statute cited in this Paragraph speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

144.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. Further, the statute cited in this Paragraph speaks for itself To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

145.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

146.    The allegations in this Paragraph contain argument and legal conclusions, and no response is required.  Further, the statutes cited speak for themselves.  To the extent a response is required, Choice denies the allegations in this Paragraph as to Choice.

**PLAINTIFF'S PRAYER FOR RELIEF**

The remainder of Plaintiff's Third Amended Complaint constitutes Plaintiff's request for relief, to which no response is required.  Insofar as it is determined that a response is required, Choice denies that Plaintiff is entitled to the relief sought from Choice.

All allegations that have not been specifically admitted are hereby denied.

**<u>DEFENSES</u>**

Choice denies each and every allegation of Plaintiff's Third Amended Complaint not specifically admitted in this Answer.  Choice reserves the right to amend this Answer to assert additional defenses to the extent necessary as facts are investigated and developed.

FIRST DEFENSE

19

The cause of action and any damages claimed under 18 U.S.C. § 1595 is barred as against Choice.

## SECOND DEFENSE

Plaintiff's Third Amended Complaint fails to state a cause of action as to Choice upon which relief can be granted.

## THIRD DEFENSE

The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of other parties not under the exercise or control of Choice.

## FOURTH DEFENSE

The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of one or more independent acts or omissions, destroying any causal connection between any acts or omissions by Choice (which are denied) and the alleged injury to Plaintiff.

## FIFTH DEFENSE

The incidents in question and all damages complained of and claimed by Plaintiff, if any, were caused by the superseding and intervening acts of parties over whom Choice has no right of control, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship, if any, between any acts or omissions of Choice (which are denied) and the injury to Plaintiff.

## SIXTH DEFENSE

The causes of action asserted in Plaintiff's Third Amended Complaint and all damages complained of and claimed by Plaintiff, if any, are barred in whole or in part based on failure to mitigate damages.

## SEVENTH DEFENSE

The causes of action asserted in Plaintiff's Third Amended Complaint and all damages complained of and claimed by Plaintiff, if any, are barred in whole or in part because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entitles other than Choice, including other parties in this case and/or third parties, under principles of proportionate responsibility, comparative fault, and/or comparable legal doctrines.

## EIGHTH DEFENSE

The causes of action asserted in Plaintiff's Third Amended Complaint and all damages complained of and claimed by Plaintiff, if any, are barred in whole or in part because any statute sued upon is unconstitutionally vague and ambiguous.

## NINTH DEFENSE

The causes of action asserted in Plaintiff's Third Amended Complaint and all damages complained of and claimed by Plaintiff, if any, are barred in whole or in part because, to the extent any individuals committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred.

## TENTH DEFENSE

Choice does not own, operate, manage, maintain, supervise, lease, occupy or control the day-to-day operations of the EconoLodge® at issue in Plaintiff's Third Amended Complaint or the premises on which the EconoLodge® at issue is located, and therefore, Choice is not liable for Plaintiff's alleged damages.

## ELEVENTH DEFENSE

Plaintiff's Third Amended Complaint fails to name necessary and indispensable parties.

## TWELFTH DEFENSE

The joining of Plaintiff's individual and separate claims against various hotels and hotel brands is prejudicial and improper. Any trial of Choice with its co-defendants violates Choice's constitutional rights, including, but not limited to, its rights under the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution and applicable provisions of the New York constitution(s).  Plaintiff's claims against various defendants should be severed and/or dismissed.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the applicable statute of limitations, statutes of repose, and/or equitable doctrines of laches and estoppel.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, release, accord and satisfaction, assumption of the risk, and spoliation of evidence.

## FIFTEENTH DEFENSE

Plaintiff's alleged injuries and damages were caused in whole or in part by the intentional and/or criminal acts of third parties not a party to this litigation, the identities of whom are known to Plaintiff, but have not been fully disclosed to Choice. Choice would seek to designate these criminal actors as responsible third parties.

## SIXTEENTH DEFENSE

To the extent that Choice is found liable, it reserves the right to seek indemnification from any party or non-party so liable as a matter of law or by contractual right.  Nothing contained herein shall be construed as a waiver of that right.

## SEVENTIETH DEFENSE

To the extent that the claims stated in the Third Amended Complaint have been settled, compromised, or otherwise discharged, a setoff is due.

## EIGHTEENTH DEFENSE

22

With respect to Plaintiff's claims for punitive damages, Choice specifically incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards which arose in the decisions *of BMW of No. America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 438 (2003), and their progeny.

## NINETEENTH DEFENSE

The allegations in Plaintiff's Third Amended Complaint related to criminal activity at unrelated Econo Lodges® or other unrelated hotels are immaterial, impertinent, and should be stricken.

## TWENTIETH DEFENSE

At all times relevant herein, the Choice exercised reasonable care and acted in accordance with or exceeded all applicable municipal, city, state and federal statutory, regulatory and common law requirements, regulations and standards.

## TWENTY-FIRST DEFENSE

The relief sought by Plaintiff is barred, in part or in whole, because Choice did not know and should not have known about the alleged sex trafficking of Plaintiff.

## TWENTY-SECOND DEFENSE

The relief sought by Plaintiff is barred, in part or in whole, because Choice did not knowingly benefit from a sex-trafficking venture of Plaintiff and did not participate in a sex-trafficking venture of Plaintiff.

## TWENTY-THIRD DEFENSE

The relief sought by Plaintiff is barred, in part or in whole, because Choice did not breach a legal duty (if any) that it owed to Plaintiff, including but not limited to an alleged duty to prevent Plaintiff's sex trafficking.

## PRAYER FOR RELIEF

WHEREFORE, Choice respectfully requests that the Court dismiss Plaintiff's claims against

Choice in full and award choice all other relief to which it is entitled in law or equity.


Respectfully submitted this 22nd Day of April 2020.

/s/ Sara M. Turner
SARA M. TURNER
*Admitted Pro Hac Vice*

*Attorney for Defendant Choice Hotels International Inc.*


**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
420 North 20th Street, Suite 1400
Birmingham, Alabama 35203-5202
(205) 328-0480 - Telephone
(205) 322-8007 – Facsimile
smturner@bakerdonelson.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document is being served upon all counsel of

record on April 22, 2022 in the above-captioned lawsuit through the Court's electronic filing system.

/s/ Sara M. Turner
OF COUNSEL